DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| WILLIAM THOMAS, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2015-0016 |
| V.I. TERMINAL SERVICES LLC, ) | |
| Defendant. ) | |

**Attorneys:**
**William Thomas,** *Pro Se***,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Charles Edward Lockwood, Esq.,**
**George Hunter Logan, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant V.I. Terminal Services LLC's "Motion to Stay Proceedings Pending Arbitration" (Dkt. No. 5), filed on May 11, 2015. For the reasons discussed below, the Court will grant Defendant's Motion and enter a stay of the proceedings in this Court pending arbitration.

### I. BACKGROUND

On or about January 15, 2013, Plaintiff applied for the position of safety manager with Defendant. (Dkt. No. 1 at ¶ 8; Dkt. No. 5, Exh. 1 at 17). On the same day, as part of his acceptance of employment, Plaintiff signed an Hourly Employee Agreement ("Employee

Agreement"), which Defendant also executed. (*See* Dkt. No. 5, Exh. 1). The Employee Agreement contains a provision stating that "all claims, controversies or disputes . . . arising out of or in any way relating to [Plaintiff's] employment by [Defendant], or the termination of that employment . . . shall be resolved solely and exclusively by arbitration as provided in this Agreement." (*Id.* at 7-8).

Plaintiff alleges that the Virgin Islands Department of Labor advertised the safety manager position as providing compensation of $35 to $42 per hour. (Dkt. No. 1 at ¶ 8). He further alleges that he was "hired as a safety officer but was forced to perform as a Safety Manager" for $24 per hour because he is an African American, while Defendant "paid the advertised salary to white and Hispanic managers." (*Id.* at ¶¶ 9-12). Plaintiff states that he complained to Defendant regarding his position and compensation, and alleges that, as a result, "he was given a bad evaluation and a letter of poor performance," and was subsequently terminated. (*Id.* at ¶¶ 10, 13).

In his Complaint, Plaintiff asserts three causes of action: (1) race discrimination in his termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) race discrimination in his treatment and compensation in violation of Title VII; and (3) wrongful termination in violation of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76. (*Id.* at ¶¶ 17-40). Defendant filed the instant Motion to Stay in lieu of an answer, asserting that the Employee Agreement is a valid agreement to arbitrate and encompasses Plaintiff's claims, and thus arbitration is the appropriate avenue for resolution of this dispute, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). (Dkt. No. 5). Plaintiff did not respond to Defendant's Motion.

2

## II. DISCUSSION

### A. Applicable Law

The FAA embodies "'a congressional declaration of a liberal federal policy favoring arbitration agreements.'" *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 228 (3d Cir. 2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983) (holding that there is a presumption in favor of arbitration where a valid arbitration agreement exists)). Accordingly, courts should read the FAA broadly, resolving any doubts in favor of arbitration, even in the context of "claims arising under a statute designed to further important social policies." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89-90 (2000); *see Khan v. Dell Inc.*, 669 F.3d 350, 356 (3d Cir. 2012) (concluding that ambiguity in agreement must be resolved in favor of arbitration).

The Court engages in a two-part inquiry in addressing a motion to compel arbitration. *See, e.g.*, *Comrey v. Discover Fin. Serv.*, 806 F. Supp. 2d 778, 782 (M.D. Pa. 2011) (citing *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005)). First, the Court must analyze "'whether a valid agreement to arbitrate exists and [second,] whether the particular dispute falls within the scope of that agreement.'" *Id.* (quoting *Trippe*, 401 F.3d at 532).

Arbitration is a "matter of contract" where "litigants may freely contract to refer their dispute to arbitration." *American Exp. Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2309 (2013); *Gov't of the V.I. v. 0.459 Acres of Land*, 286 F. Supp. 2d 501, 511 (D.V.I. 2003). The FAA provides that where a valid arbitration agreement exists, trial courts "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," provided that the court is "satisfied that the issue involved . . . is referable to arbitration" under the parties' agreement. 9 U.S.C. § 3; *see Ebner v. Fin.*

*Architects, Inc.*, 763 F. Supp. 2d 697, 699-701 (D. Del. 2011) (finding plaintiffs' claims were subject to arbitration and that the arbitration clause was enforceable, and therefore granting defendants' motion to stay the proceedings and compel arbitration).

     B.     **Analysis**

Plaintiff and Defendant executed the Employee Agreement in connection with Plaintiff's employment. (*See* Dkt. No. 5, Exh. 1 at 1) ("Employer hereby agrees to employ Employee as a Safety Manager, and Employee hereby accepts and agrees to such employment."). Under a provision labeled "ARBITRATION," the Employee Agreement reads:

> Except as provided below in this section, all claims, controversies or disputes (collectively referred to as "claims" for purposes of this Agreement) arising out of or in any way relating to Employee's employment by Employer, or the termination of that employment . . . shall be resolved solely and exclusively by arbitration as provided in this Agreement.

(*Id.* at 7-8).[1] The Employee Agreement also states that:

> Arbitrable matters include, but are not limited to, claims under the following: . . . the Civil Rights Act of 1964, 42 U.S.C. §2000e . . . . [and] any provisions of Titles 10 and 24 of the Virgin Islands Code, including without limitation claims for wrongful or retaliatory discharge or wrongful or discriminatory treatment under Virgin Islands law, including without limitation the Wrongful Discharge Act, 24 V.I.C. §76 . . . .

(*Id.* at 9).

The first page of the Employee Agreement contains the header, "THIS IS AN IMPORTANT LEGAL DOCUMENT." (*Id.* at 1). In section twenty-three, labelled "RIGHT TO CONSULT WITH ADVISORS," Plaintiff acknowledges that he has been given the opportunity

---

[1] The Employee Agreement excludes from arbitration "any disputes arising under any applicable collective bargaining agreement, or any claims arising under the National Labor Relations Act of 1935." (Dkt. No. 5, Exh. 1 at 8). These exclusions do not apply to Plaintiff's claims, which are brought under Title VII and the Virgin Islands Wrongful Discharge Act. (*See* Dkt. No. 1 at ¶¶ 18, 27, 35).

4

to review the Employee Agreement with his "attorney or other advisors" prior to signing it. (*Id.* at 16). In addition to signing the Employee Agreement, Plaintiff initialed each page.

Courts apply the laws of the state where the arbitration contract was formed in determining contract validity. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); *Nat'l Fin. Partners Corp. v. Cunning*, 2009 WL 1939818, at *3 (D.V.I. July 7, 2009). In the Virgin Islands, validity requires a "bargain in which there is a mutual assent to the exchange, and consideration." *Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 221 (3d Cir. 2008); *see also Kendall v. Superior Court, Gov't of the Virgin Islands*, 2013 WL 785518 (D.V.I. Mar. 1, 2013); *Univ. of V.I. v. Petersen–Springer,* 232 F. Supp. 2d 462, 469 (D.V.I. 2002). Mutual assent is measured by outward expression, and not by subjective intent. *Morales*, 541 F.3d at 221; *Fitz v. Islands Mech. Contractor, Inc.*, 2010 WL 2384585, *5 (D.V.I. June 9, 2010).

Consideration is a "bargained-for legal benefit and/or detriment," *Terrace v. Williams*, 2009 WL 2043870, at *9 (V.I. July 1, 2009), "such as an act, a forbearance, or a return promise," *Smith v. Gov't of Virgin Islands*, 2009 WL 1097527, at *5 (D.V.I. Apr. 17, 2009) (quoting Black's Law Dictionary (8th ed. 2004)); *see Moore v. Hovensa, LLC*, 2005 WL 1677522, at *3 (V.I. Super. Ct. June 22, 2005) (holding that consideration was legally sufficient where "Plaintiff as the promisor sought employment from [defendant] Turner in exchange for Plaintiff's promise to abide by the terms of the subject Employment Agreement, including the terms requiring arbitration of personal injury claims against Hovensa [and] Turner as the promisee employed Plaintiff in exchange for Plaintiff's promise"). In the employment context, consideration exists where the parties oblige themselves to submit future disputes to the arbitration process and to be bound by the results. *See Plaskett v. Bechtel Int'l, Inc.*, 243 F. Supp. 2d 334, 338 (D.V.I. 2003) ("The arbitration provisions provide consideration for the Agreement, in that both parties agreed

5

to be bound by arbitration.") (citing *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603-04 (3d Cir. 2002)).

Here, the parties agreed to arbitrate all claims "arising out of or in any way relating to" Plaintiff's employment by Defendant and to accept as final and binding any decision of an arbitrator, should a claim be pursued. (Dkt. No. 5, Exh. 1 at 7, 14). Consideration exists because, by signing the Employee Agreement, Defendant agreed to employ Plaintiff in exchange for Plaintiff's agreement to submit to and be bound by the Employee Agreement, including the arbitration provisions. *See Moore*, 2005 WL 1677522, at *3. Consideration also exists because the parties each assumed the benefits and/or detriments provided by mandatory and binding arbitration. *See Plaskett*, 243 F. Supp. 2d at 338. Further, mutual assent is evidenced by the signatures of both parties at the end of the Employee Agreement. (*See* Dkt. No. 5, Exh. 1 at 17). Accordingly, with mutual assent and consideration, the Court finds that a valid agreement to arbitrate exists.

The Court next looks to whether Plaintiff's claims fall within the scope of the Employee Agreement. *See Trippe Mfg. Co.*, 401 F.3d at 532. The Employee Agreement states that "all claims, controversies or disputes (collectively referred to as "claims" for purposes of this Agreement) arising out of or in any way relating to Employee's employment by Employer, or the termination of that employment . . . shall be resolved solely and exclusively by arbitration as provided in this Agreement." (Dkt. No. 5, Exh. 1 at 7-8). The Employee Agreement also expressly provides a non-exclusive list of "matters arbitrable," including claims under Title VII ("the Civil Rights Act of 1964, 42 U.S.C. §2000e") and the Virgin Islands Wrongful Discharge Act. (*Id.* at 9).

Here, Plaintiff alleges violations of Title VII and the Virgin Islands Wrongful Discharge Act. (Dkt. No. 1 at ¶¶ 18, 27, 35). The Court finds that these claims are within the plain language of the Employee Agreement stating that "all claims, controversies or disputes . . . arising out of or in any way relating to [Plaintiff's] employment by [Defendant]" shall be arbitrated, and specifically listing the statutory claims asserted in Plaintiff's Complaint. Therefore, the Court—concluding that Plaintiff's claims are within the scope of the arbitration agreement—will refer the claims to arbitration. *See Ebner*, 763 F. Supp. 2d at 699-701.

The Employee Agreement, signed by both Plaintiff and Defendant, contains a valid agreement to arbitrate which encompasses all of Plaintiff's claims. The FAA provides that the matter is to be stayed pending arbitration, and accordingly, the Court will grant Defendants' Motion.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion and stay the proceedings pending arbitration. An appropriate Order accompanies this Opinion.

Date: July 28, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge