DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| WILLIAM THOMAS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2015-0016 |
| | ) | |
| V.I. TERMINAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Appearances:**
**William Thomas,**
St. Croix, U.S.V.I.
  *Pro se*

**Charles E. Lockwood, Esq.,**
**George H. Logan, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant V.I. Terminal Services, LLC*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the "Motion to Confirm Arbitrator's Award" ("Motion to Confirm Arbitrator's Award" or "Motion") filed by Defendant V.I. Terminal Services, LLC ("Defendant") (Dkt. No. 29). For the reasons that follow, the Court will grant Defendant's Motion and confirm the Arbitrator's Award.

### I. BACKGROUND[1]

Plaintiff William Thomas ("Plaintiff") commenced this employment discrimination action on March 4, 2015 by filing a complaint against Defendant asserting three causes of action: (1) race

---

[1] The Court provided a detailed factual background of this case in its July 28, 2015 Memorandum Opinion addressing Defendant's Motion to Stay Proceedings Pending Arbitration. (Dkt. No. 7) The Court will not repeat that background information in full here, but instead will provide only that information pertinent to the Motion currently before the Court.

discrimination in his termination from employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) race discrimination in his treatment and compensation in violation of Title VII; and (3) wrongful termination in violation of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76. (Dkt. No. 1 at ¶¶ 17-40). Defendant responded by filing a Motion to Stay Proceedings Pending Arbitration ("Motion to Stay"), asserting that the parties' Hourly Employee Agreement ("Employee Agreement") contained a valid agreement to arbitrate which encompassed Plaintiff's claims against Defendant. (Dkt. No. 5). For the reasons stated in the Court's July 28, 2015 Memorandum Opinion (Dkt. No. 7), the Court concluded that the parties' Employee Agreement contained a valid agreement to arbitrate encompassing Plaintiff's claims, and accordingly granted Defendant's Motion to Stay this mater pending arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.

Plaintiff's claims were subsequently arbitrated through the American Arbitration Association ("AAA") before Arbitrator Elaine Feldman, Esq. ("the Arbitrator"). (Dkt. No. 29 at 1-2). On December 7, 2018, the Arbitrator entered an Award of Arbitrator ("Award") finding in favor of Defendant as to all claims submitted to arbitration and awarding no damages to Plaintiff. (Dkt. No. 31-1 at 9).[2] The Arbitrator further ordered Defendant to bear the related AAA "administrative fees and expenses . . . totaling $2,050.00 and the compensation and expenses of the Arbitrator totaling $21,204.73[.]" *Id.* at 10. Defendant then filed the instant Motion requesting that the Court confirm the Arbitrator's Award pursuant to the FAA. (Dkt. No. 29 at 2). Plaintiff has not filed a response to Defendant's Motion, and the time to do so has passed.

---

[2] In addition to the claims for race discrimination and wrongful termination asserted in Plaintiff's complaint, Plaintiff submitted an additional claim to the Arbitrator for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. (Dkt. No. 31-1 at 2).

## II. DISCUSSION

The FAA provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . .

9 U.S.C. § 9. A district court's "review of the underlying arbitration award is 'extremely deferential.'" *Anoruo v. Tenet HealthSystem Hahnemann*, 697 F. App'x 110, 111 (3d Cir. 2017) (quoting *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003)). The FAA provides "narrow and exclusive" bases for vacating an award. *Id.* (citing *Hall St. Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 586-87 (2008)). "[A] court must confirm an arbitration award unless: (1) it was procured by corruption, fraud, or undue means; (2) the arbitrators demonstrated partiality or corruption; (3) they were guilty of misconduct; or (4) they exceeded their powers." *Id.* (citing 9 U.S.C. §§ 9, 10(a)(1)-(4)). As such, confirmation of an arbitration award "ordinarily is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) (internal quotations omitted)).

In the instant case, the Employee Agreement provides, in pertinent part, that "[j]udgment upon the [arbitration] award rendered may be entered in the Superior Court of the Virgin Islands, the United States District Court for the District of the Virgin Islands or in any federal court having jurisdiction to do so in accordance with the provisions of the Federal Arbitration Act[.]" (Dkt. No. 5-1 at 14). As such, Defendant's Motion to Confirm Arbitrator's Award was properly filed with this Court pursuant to the terms of the parties' Employee Agreement and the FAA. Defendant's Motion was filed on January 14, 2019, within the one-year timeframe provided by the FAA for the

submission of an application for confirmation of the Award. Having failed to respond to Defendant's Motion, Plaintiff has not alleged that any of the statutory bases for vacating the Award exist here. Accordingly, the Court will confirm the Arbitrator's Award and will enter judgment in favor of Defendant, as set forth in the Award, and with Defendant to bear the AAA administrative fees and expenses totaling $2,050.00 and the compensation and expenses of the Arbitrator totaling $21,204.73.

### III. CONCLUSION

For the reasons set forth above, the Court will grant Defendant's Motion to Confirm Arbitrator's Award and will enter judgment in favor of Defendant, as set forth in the Arbitrator's Award.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 19, 2019

_____/s/_____
WILMA A. LEWIS
Chief Judge